UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVINDRAN ARIKAPUDI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WIPRO VLSI DESIGN SERVICES, LLC,<br><br>　　　　　Defendant. | Case No. 23-cv-02453-NC<br><br>**ORDER TO SHOW CAUSE RE: CITIZENSHIP OF DEFENDANT'S MEMBERS**<br><br>Re: ECF 1 |

Plaintiff Ravindran Arikapudi filed suit against Defendant Wipro VLSI Design Services, LLC ("Wipro VLSI") and unnamed doe defendants, alleging employment related claims in California state court. ECF 1, Bachert Declaration ¶ 2, Ex. A. Wipro VLSI removed the case to federal court. However, the citizenship of Wipro VLSI, as well as its other corporate members, is unclear. The Court ORDERS Wipro VLSI to file a statement clarifying the citizenship of its corporate members to support its claim to federal jurisdiction.

The district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the

1 appropriate federal district court. Removal may be predicated on diversity jurisdiction. 28
2 U.S.C. § 1441(b). Diversity jurisdiction encompasses "all civil actions where the matter in
3 controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of
4 different States." 28 U.S.C. § 1332(a)(1). "[A]n LLC is a citizen of every state of which
5 its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437
6 F.3d 894, 899 (9th Cir. 2006).

7 The removal statute is strictly construed against removal jurisdiction. *Sharma v.
8 HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167,
9 1170 (9th Cir. 2022). "Federal jurisdiction must be rejected if there is any doubt as to the
10 right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.
11 1992). As a consequence of the "strong presumption against removal jurisdiction," the
12 defendant always bears the burden of showing removal is proper. *Id.* The failure to
13 delineate the citizenship of a defendant's partners and members does not satisfy the party's
14 burden of showing complete diversity. *See Lindley Contours, LLC v. AABB Fitness
15 Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011).

16 Wipro VLSI appears to be only one component of a larger corporate hierarchy.
17 According to its removal papers, "[Wipro VLSI]'s sole member is Wipro IT Services,
18 LLC. The sole member of Wipro IT Services, LLC is Wipro, LLC. The sole member of
19 Wipro, LLC is Wipro Limited." ECF 1 at 3. Wipro Limited is incorporated and maintains
20 its principal place of business in the Foreign Nation of India. *Id.* Like the transitive
21 property, Wipro VLSI concludes that that "Defendant is a citizen of the Foreign Nation of
22 India." *Id.* However, the citizenship of one of an LLC's members does not conclusively
23 establish the citizenship of all preceding entities nor does it foreclose the possibility that
24 the primary entity maintains a different citizenship than its members. Even if it did, Wipro
25 VLSI still fails to allege the citizenship of either Wipro IT Services, LLC or Wipro, LLC.
26 *See Lindley*, 414 F. App'x at 64 (noting that if the removing defendants had "limited
27 liability corporations as members, the citizenship of each individual member of these
28 entities must be alleged and if these members included partnerships, limited partnerships,

or limited liability corporations, the citizenship of each individual member of those entities must be alleged – and so on") (internal parentheses omitted).  Based on these omissions, the Court cannot discern whether complete diversity exists between the parties.  Thus, Wipro VLSI fails to carry its burden of establishing removal is proper.

Accordingly, the Court ORDERS Plaintiff to file a statement in writing detailing the citizenship of (1) Wipro VLSI; (2) Wipro IT Services, LLC; and (3) Wipro, LLC by June 19, 2023.  If Wipro VLSI fails to comply with this order, the case will be remanded to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated:  June 5, 2023   _____
NATHANAEL M. COUSINS
United States Magistrate Judge